UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDREW S. LUTHER,<br><br>Plaintiff,<br><br>v.<br><br>CORNETT, et al.,<br><br>Defendants. | CAUSE NO. 3:26-CV-1508-CCB-SJF |

OPINION AND ORDER

Andrew S. Luther, a prisoner without a lawyer, initiated this case by filing an "order to show cause for a preliminary injunction & a restraining order." ECF 1. Because that filing provided no basis for any relief, the court ordered Luther to file a complaint on the proper form that clearly explained his claims. ECF 2. He was also ordered to resolve his filing fee status. *Id*. He has done neither. Instead, he filed a vague complaint (that is not on this court's approved form) and another document entitled "order to show cause for a preliminary injunction & a temporary restraining." ECF 4 & ECF 5. While these filings could be stricken for failure to comply with the previous order alone, Luther's pro se status will be taken into consideration, and the court will address his allegations on the merits.

Under 28 U.S.C. § 1915A, the court must screen a complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter

to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Luther claims he was "beat up" and robbed by other inmates at the Westville Correctional Facility (WCF) three times between September 14, 2026, and October 8, 2026. ECF 4 at 4. Prison officials responded by sending him to the emergency room for medical care and moving his unit location seven different times during that period. He states, "My life is in danger of other offender that wants to stab and kill me." *Id*. He has sued Unit Team Manager Ms. Cornett, Deputy Warden Ms. Duncan, and Warden Mr. Smiley for monetary damages and injunctive relief in the form of "ordering defendants et. al, to stop putting my life in danger of other offenders and move me to NCCF." *Id*. at 6.

The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id*. at 833 (ellipsis omitted). That said, not every such violent altercation violates the Constitution. *Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023). "Rather, only deliberate indifference to an inmate's wellbeing is actionable: a prison official is liable for failing to protect an inmate from another prisoner only if the official

knows of and disregards an excessive risk to inmate health or safety." *Id.* (internal quotation marks, brackets, and citations omitted). Accordingly, when an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008).

In the context of failure to protect cases, the Seventh Circuit has equated "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005); *see also Thomas v. Dart*, 39 F.4th 835, 843 (7th Cir. 2022) (quoting *Brown* and noting that a "bare 'increased risk' does not necessarily correlate to a 'substantial risk'"). "[A] prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). "Exercising

poor judgment, however, falls short of meeting the standard of consciously disregarding a known risk to his safety." *Lewis v. Richards*, 107 F.3d 549, 554 (7th Cir. 1997).

Luther hasn't plausibly identified a specific, credible, and imminent risk of serious harm. Although he says he was robbed and beat up several times, he doesn't say by whom, nor does he allege he communicated any specific threats or concerns to the defendants. He does attach several grievances to his complaint, but none of those grievances depict a specific threat to his safety. *See* ECF 4-1 at 3–6. Moreover, he admits the defendants moved him multiple times in response to his vague concerns, and he hasn't provided any facts to suggest he is currently in danger. Simply put, Luther's sparse allegations don't state a plausible claim for damages or injunctive relief. *See Gevas*, 798 F.3d at 481 (complaint must normally identify a "specific, credible, and imminent risk of serious harm" and a "prospective assailant"); *Klebanowski*, 540 F.3d at 639–40 (neither prior attacks nor general requests for help are sufficient to alert prison officials of the need to act); *see also Taha v. Intl. Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020) ("[A] complaint must plead more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotations marks and citations omitted)); *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) ("A plaintiff must include adequate factual detail to lift his claims from mere speculative possibility to plausibility.") (citing *Ashcroft*, 556 U.S. at 678) ("A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")).

Luther has failed to state any plausible claims for which relief can be granted. If he believes he can state a claim based on (<u>and consistent with</u>) the events described in his complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **<u>Pro Se 14 (INND Rev. 2/20) Prisoner Complaint</u>** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Finally, regarding his "order to show cause" (ECF 5), he has simply re-filed the previously stricken document submitted to initiate this case. *See* ECF 1 & ECF 2. To the extent this document can be characterized as a motion for preliminary injunctive relief, it fails. A preliminary injunction is a "very far-reaching power, never to be indulged in except in a case clearly demanding it." *Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021) (quoting *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020)). To obtain a preliminary injunction, a movant "must make a threshold showing that: (1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Tully v. Okeson*, 977 F.3d 608, 612-13 (7th Cir. 2020) (quoting *Turnell v. CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015)); *see also Winter v. Nat. Res. Def. Council,*

*Inc.*, 555 U.S. 7, 20 (2008). Here, Luther's current complaint doesn't state any plausible claims for relief, so he has no chance of success on the merits. *See, e.g., Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020) ("mere possibility of success is not enough"); *Doe v. Univ. of S. Ind.*, 43 F.4th 784, 791–92 (7th Cir. 2022) (remaining elements need not be analyzed when plaintiff hasn't demonstrated a reasonable likelihood of success on the merits).

For these reasons, the court:

(1) **DENIES** the "order to show cause for a preliminary injunction & a temporary restraining" (ECF 5);

(2) **ORDERS** Andrew S. Luther to submit an amended complaint on the court's approved **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form by **December 16, 2026**; and

(3) **CAUTIONS** Andrew S. Luther that if he doesn't do so by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state any claims for which relief can be granted.

SO ORDERED on November 3, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT