UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDREW S. LUTHER,

Plaintiff,

v.

CORNETT, et al.,

Defendants.

CAUSE NO. 3:26-CV-1508-CCB-SJF

**OPINION AND ORDER**

Andrew S. Luther, a prisoner without a lawyer, initiated this case by filing an "order to show cause for a preliminary injunction & a restraining order." ECF 1. Because that filing provided no basis for relief, the court ordered Luther to file a complaint on the proper form that clearly explained his claims. ECF 2. He responded by filing a vague complaint and another document entitled "order to show cause for a preliminary injunction & a temporary restraining." ECF 4 & ECF 5. The court screened that complaint, found it failed to state any plausible claims, and denied the motion. ECF 7. Luther was ordered to submit an amended complaint that addressed the court's concerns. *Id.* It's unclear whether Luther received that order before he filed his current amended complaint.[1] What is clear, however, is that the amended complaint (ECF 10) is also deficient.

[1] The court's order was docketed on November 3, 2026. ECF 7. Luther's amended complaint was signed on November 2, 2026, but it wasn't scanned at the Westville Correctional Facility and emailed to the court until November 5, 2026. ECF 10.

Under 28 U.S.C. § 1915A, the court must screen a complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Luther claims he was "beat up" and robbed by other inmates at the Westville Correctional Facility (WCF) three times between September 4, 2026, and October 8, 2026, after he was moved out of the "snap unit." ECF 10 at 2. He states, "I was told by the UTM Ms. Cornett I would not get beat up or robbed of my stuff on 4S unit." *Id*. at 3. He claims he is in pain from the incident on October 8, 2026, and needs an MRI of his back and shoulder. On a seemingly unrelated note, he says he is mentally ill and needs continuous help. He has sued "Et. Al" and the "other offenders that beat me up names I don't know right now" for monetary damages in the amount of "$20,000,000,000,000,000.00." *Id*. at 1, 4.

As an initial matter, Luther has sued two groups of defendants, but none are amenable to suit as currently pled. "Et al." is a Latin phrase that essentially translates to "and others." Combined with the vague nature of his allegations—as will be described

further below—naming this generalized group as a defendant isn't sufficient. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing."). He has also sued "the other offenders that beat me up." ECF 10 at 1, 3. However, "[i]n order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and citation omitted). Because the "other offenders" aren't state actors, they must be dismissed.

Turning to Luther's claims, the Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (ellipsis omitted). That said, not every such violent altercation violates the Constitution. *Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023). "Rather, only deliberate indifference to an inmate's wellbeing is actionable: a prison official is liable for failing to protect an inmate from another prisoner only if the official knows of and disregards an excessive risk to inmate health

or safety." *Id.* (internal quotation marks, brackets, and citations omitted). Accordingly, when an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008).[2]

Additionally, inmates are entitled to constitutionally adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical

---

[2] In the context of failure to protect cases, the Seventh Circuit has equated "substantial risk" to risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005); *see also Thomas v. Dart*, 39 F.4th 835, 843 (7th Cir. 2022) (quoting *Brown* and noting that a "bare 'increased risk' does not necessarily correlate to a 'substantial risk'"). "[A] prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). "Exercising poor judgment, however, falls short of meeting the standard of consciously disregarding a known risk to his safety." *Lewis v. Richards*, 107 F.3d 549, 554 (7th Cir. 1997).

need was objectively serious; and (2) the defendant acted with deliberate indifference to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing). It is not enough that a medical professional be mistaken in his or her judgment—the deliberate indifference standard requires something "akin to criminal recklessness," *Thomas*, 2 F.4th at 722, rather than "negligence, gross negligence, or even recklessness." *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

As explained in the court's prior order, Luther hasn't plausibly identified a specific, credible, and imminent risk of serious harm. Although he says he was robbed and beat up several times, he doesn't say by whom, nor does he allege he communicated any specific threats or concerns to any specific defendant. Moreover, he hasn't provided any facts to support his assertion that he is currently in danger. A similar analysis applies to his alleged medical issue. Luther's vague assertion that he is in pain and requires an MRI after being "beat up" is inadequate to establish that either his medical concern is objectively serious or that any defendant(s) acted with deliberate indifference to his needs. Simply put, Luther's exceedingly sparse allegations don't state a plausible claim for relief. *See Gevas*, 798 F.3d at 481 (complaint must normally identify

a "specific, credible, and imminent risk of serious harm" and a "prospective assailant"); *Klebanowski*, 540 F.3d at 639–40 (neither prior attacks nor general requests for help are sufficient to alert prison officials of the need to act); *see also Taha v. Intl. Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020) ("[A] complaint must plead more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotations marks and citations omitted)); *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) ("A plaintiff must include adequate factual detail to lift his claims from mere speculative possibility to plausibility.") (citing *Ashcroft*, 556 U.S. at 678) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")).

Luther has again failed to state any plausible claims for which relief can be granted. If he believes he can state a claim based on (<u>and consistent with</u>) the events described in his previous complaints, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **<u>Pro Se 14 (INND Rev. 2/20) Prisoner Complaint</u>** form which is available from his law library. He needs to write the word "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. His second amended complaint must

include an adequate factual basis for his claim(s) as described above. It must also clarify whether (and, if so, how) he has exhausted his administrative remedies.

For these reasons, the court:

(1) **ORDERS** Andrew S. Luther to submit a second amended complaint on the court's approved **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form by **December 16, 2026**; and

(2) **CAUTIONS** Andrew S. Luther that if he doesn't do so by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current amended complaint does not state any claims for which relief can be granted.

SO ORDERED on November 9, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT